UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EDDIE JAMES MOULTRIE,

    Plaintiff,

v.                               Case No. 3:25cv968-LC-HTC

G. A. MOYLER, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff Eddie James Moultrie's Second Amended Complaint, including for failure to truthfully disclose his litigation history. Doc. 27. Upon consideration, the undersigned recommends the motion to dismiss be GRANTED to the extent that the case should be dismissed without prejudice under the Court's inherent authority for Moultrie's failure to truthfully disclose his litigation history.[1]

This Court's Local Rules require prisoners and *pro se* litigants to use the Court's complaint form when filing a civil rights complaint. *See* N.D. Fla. Loc. R. 5.7(A). Section VIII. of the Court's approved complaint form requires plaintiffs to

---

[1] Defendants also moved to dismiss on other grounds, including for failure to state a claim. Because the undersigned finds dismissal without prejudice is appropriate for Moultrie's failure to truthfully disclose his litigation history, the undersigned does not address Defendants' other arguments.

disclose their prior litigation history.[2]  The complaint warns plaintiffs that "failure to disclose all prior state and federal cases – including, but not limited to civil cases, habeas cases, and appeals – may result in the dismissal of this case."  Doc. 18 at 19.  Moreover, the complaint form advises plaintiffs to "err on the side of caution" if they are uncertain about whether a case should be identified.  *Id.*

Question VIII.C. asks the plaintiff to identify "any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging [his] conviction or relating to the conditions of [his] confinement?"  *Id.* at 21.  Moultrie identified forty-seven (47) cases and "declared under penalty of perjury" the information in the complaint, "including [his] litigation history," is true and correct.  *Id.* at 21.

In Defendants' motion, they contend Moultrie failed to disclose four state cases in response to Question VIII.C. which either challenged his conviction or related to the conditions of his confinement: First DCA 2018-2242 (Mandamus Petition); First DCA 2024-0904 (Petition for Writ of Prohibition); First DCA 2018-1447 (Petition alleging Ineffective Assistance of Counsel ("IAC")); and Leon

---

[2] The questions in this section serve several purposes, including assisting the Court in identifying cases that qualify as strikes under 28 U.S.C. § 1915(g) or cases that are related or duplicative, and in gauging a plaintiff's litigation experience.  *See Jacobs v. Comerford*, No. 3:13cv52-RV-EMT, 2013 WL 6184052 at * 4 (N.D. Fla. Nov. 25, 2013).

County circuit court case number 2025-CA-46 (Petition for Writ of Mandamus). Doc. 27 at 10.[3]

In the response, Moultrie contends he did not initiate those cases and has "requested the docket summary to verify whether these cases exist and to possibly refute them."[4] Doc. 33 at 2. The Court has reviewed the online state court records for the First DCA[5] and has confirmed these cases are appeals of Moultrie's criminal convictions. First DCA Case 1D2018-1447 arises from the Circuit Court for the Fourth Judicial Circuit, Duval County Case No. 16-2013-CF-7672. The petition was filed on April 5, 2018. The denial of the petition is available on Westlaw and shows

---

[3] Defendants also note Moultrie failed to disclose an Eleventh Circuit appeal in *Moultrie v. Edwards*, Case No. 24-12887 (The Eleventh Circuit affirmed the dismissal of Plaintiff's complaint because it failed to state a claim). Defendants argue he should have disclosed it because it fell within the category of "any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." Doc. 27. Moultrie argues that the appeal was not dismissed; it merely affirmed a prior dismissal after considering the matter on the merits. Doc. 33. Because dismissal is appropriate based on the four non-disclosed state cases, the undersigned declines to address this argument.

[4] Contemporaneous with the response, Moultrie filed a motion to stay (Doc. 32), asking the Court to stay resolution of the motion to dismiss so he can get the state court records. For the reasons set forth in this report and recommendation, the motion to stay shall be separately DENIED as moot.

[5] A federal court may properly take judicial notice of state court dockets. *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2). Thus, the undersigned will take judicial notice of Moultrie's state court records, available at https://acis.flcourts.gov (appeals) and https://cvweb.clerk.leon.fl.us/public/online_services/search_courts/ (Leon Circuit Court cases).

that Moultrie was the "petitioner" and was "pro se." *See Moultrie v. State of Florida*, 252 So. 3d 406 (Mem) (Fla. 1st DCA 2018).[6]

Similarly, although Moultrie claims court records would show he did not file the mandamus petition in the First DCA in 1D2018-2242, the online docket for that case includes a copy of the Petition for Writ of Mandamus which initiated that case, and which shows that Edward J. Moultrie signed the document and listed his FDOC number as J54553 -- the same FDOC number as in the instant case. The same is true for First DCA Case No. 1D2024-0904. The online docket for that case contains a copy of the Petition for Writ of Prohibition which initiated that case, and which shows that Eddie J. Moultrie signed the document and listed his FDOC number as J54553. And the Court confirmed through a review of the online records for Leon County Circuit Court Case 2025-CA-46 that the Petition for Writ of Mandamus which initiated that case was signed by Eddie J. Moultrie with FDOC number J54553.

While Moultrie may feign ignorance of the filing of those petitions, the state court records show Moultrie filed these actions, and his failure to disclose them is unacceptable. Indeed, the undersigned cannot help but question Moultrie's candor

---

[6] Moultrie attempts to show he did not file the petition in that appeal by attaching a copy of the circuit court docket which does not identify that petition. The Court notes, however, that the attached copy of the docket does not appear to be in the same form that would generally be provided by the court or available online but appears to be a typed reproduction. Moreover, the copy of the docket appears to be part of another document that consists of 23 pages, but Moultrie has included only pages 18 to 20.

Case No. 3:25cv968-LC-HTC

with the Court particularly when Leon County Case 2025-CA-46 was filed just a couple of months before the instant action. Moultrie is advised that an intentional misrepresentation to the Court is sanctionable and may result in a finding of malicious conduct.

As this Court has repeatedly concluded, a plaintiff's *pro se* status does not excuse him from conforming to acceptable standards when interacting with the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. Thus, if Moultrie suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the complaint form.

The Court has the inherent power to dismiss an action for a plaintiff's failure to comply with orders of the Court, this Court's local rules, or for abusing the judicial process. *See McNair v. Johnson*, 143 F.4th 1301, 1308 (11th Cir. 2025). Thus, an appropriate sanction for Moultrie's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed under 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*,

739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence."). "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, Doc. 52 (N.D. Fla. June 7, 2020).

Accordingly, it is RECOMMENDED that:

1.   Defendants' Motion to Dismiss (Doc. 27) be GRANTED to the extent that this case be DISMISSED WITHOUT PREJUDICE under the Court's inherent authority for Plaintiff's failure to truthfully disclose his litigation history.

2.   The clerk be directed to close the file.

At Pensacola, Florida, this 6th day of January, 2026.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.